IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TANISA SANDERS, an individual, | ) |
|       Plaintiff, | ) Case No. 22-cv-00051-CVE-CDL |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| 1. AAON, INC., a domestic for profit business, | ) ATTORNEY'S LIEN CLAIMED |
| | ) FOR THE FIRM |
|       Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Tanisha Sanders ("Plaintiff"), through her attorneys of record, Charles C. Vaught and Jessica N. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* for pregnancy discrimination against Defendant, Aaon, Inc. In support thereof, Plaintiff hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. § 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

§ 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is, and was at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on November 2, 2021 for which Plaintiff received November 2, 2021 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein).[1]

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was a private employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e (f), in that she was employed by an employer.

---

[1] Plaintiff is in the process of completing an additional Charge of Discrimination for submission to the U.S. Equal Employment Opportunity Commission for discrimination, associational discrimination, and retaliation claims arising under the Americans with Disabilities Act, as amended. As such, it is expected that this *Complaint* will be amended to include these claims once Plaintiff has exhausted her administrative remedies with the EEOC. Plaintiff intends to request an expanded deadline for amendment to the pleadings in the *Scheduling Order* to accommodate these additional claims.

## OPERATIVE FACTS

10. Plaintiff was hired by Defendant in July of 2003.

11. In October of 2020, Plaintiff spoke with Whitney Wakefield, Supervisor, regarding her pregnancy and pending maternity leave. Ms. Wakefield asked how Plaintiff's previous maternity leave, under a different supervisor, had been handled.

12. Following this conversation, Ms. Wakefield began to create a hostile environment. Relevant, non-exclusive examples are, as follows:

    a. Ms. Wakefield would use a harsh tone when speaking to Plaintiff. Ms. Wakefield consistently used a sarcastic tone when speaking with Plaintiff.

    b. Ms. Wakefield would demonstrate aggressive mannerisms towards Plaintiff.

    c. Ms. Wakefield continually accused Plaintiff of lying.

    d. In February 2021, Ms. Wakefield forced Plaintiff to sign a document listing new job responsibilities.

13. In December of 2020, Eneida Walkup, Human Resources Manager, spoke to Plaintiff about her pregnancy. During this conversation, Plaintiff informed Ms. Walkup of the growing hostility between Plaintiff and Ms. Wakefield. Ms. Walkup's recommendation was for Plaintiff to speak with Stephen Wakefield, Chief Operations Officer.

14. In early January 2021, Mr. Wakefield spoke with Plaintiff regarding her pregnancy. Mr. Wakefield stated that Ms. Walkup informed him of Plaintiff's pregnancy. Plaintiff informed Mr. Wakefield that she was due in April. Further, Mr. Wakefield and Plaintiff discussed the hostility caused by Ms. Wakefield. Mr. Wakefield stated that Ms. Wakefield was "just frustrated" and that no one liked Plaintiff. When Plaintiff asked for examples of her poor behavior or the names of

those who did not like her, he did not respond.

15. On January 26, 2021, Ms. Wakefield emailed Plaintiff, accusing her of clocking in for work, but not being on the property. However, Plaintiff was in her office. Plaintiff reported this incident to Ms. Walkup. Ms. Walkup proceeded to schedule weekly meetings with Plaintiff and Ms. Wakefield. These meetings were supposed to improve the communication between Ms. Wakefield and Plaintiff. However, the meetings were focused on what Plaintiff had, allegedly, done wrong.

16. Scheduling the meetings every week was going to become difficult for Plaintiff because of her "advanced age" pregnancy. During a meeting in late February, Plaintiff mentioned to both Ms. Wakefield and Ms. Walkup that her doctor was requiring two visits a week to monitor her blood pressure, until her due date in April. Ms. Wakefield's response, which was delivered in a hostile manner, was to state that Plaintiff was exaggerating her condition and lying about the need for two appointments a week.

17. Shortly after this meeting, on March 9, 2021, Plaintiff was placed on a Performance Improvement Plan ("PIP") to contained false and misleading information. Plaintiff was unable to address the inaccuracies in the PIP as she was taken off work by her doctor shortly thereafter.

18. On March, 12, 2021, Plaintiff attended an appointment with her obstetrician when she was told she was being taken off work for health reasons until the baby was born.

19. Plaintiff's baby was born on April 1, 2021. Plaintiff returned to work on May 17, 2021.

20. Upon her return, Plaintiff realized that she was unable to log into the Defendant's system. Plaintiff contacted IT and was told that she had been labeled as "terminated" and her access to the systems were shut down. IT requested that Plaintiff fill out the appropriate paperwork and send it to Ms.

Wakefield to be signed off. Without it, Plaintiff would not be put back into the system.

21. Plaintiff immediately filled out the forms and sent them to Ms. Wakefield.

22. On May 18, 2021, the following day, Plaintiff was still not in the system and Ms. Wakefield had not responded to her prior email. Plaintiff sent the paperwork to Ms. Wakefield again.

23. On May 20, 2021, Ms. Walkup and Ms. Wakefield requested a meeting with Plaintiff regarding the PIP. During this meeting, Plaintiff stated what she believed to be false regarding the PIP. Given that the PIP had unrealistic expectations and lacked measurable performance improvements, Plaintiff would not sign it.

24. On June 1, 2021, Ms. Walkup telephoned Plaintiff and let her know that Defendant "has decided to separate" with her.

25. Plaintiff believes that she was discriminated against on the basis of her gender, to wit, a pregnant female, in violation of Title VII of the Civil Rights Act of 1964.

### FIRST CLAIM
### (Pregnancy Discrimination in Violation of Title VII)

26. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

27. That, as a member of a protected class, to wit: a pregnant female, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

28. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her protected status, to wit: a pregnant female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

29. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based

on her protected status, to wit: a pregnant female, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.;*

30. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

31. That the conduct complained of constitutes illegal gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**WHEREFORE,** Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff be reinstated to his former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (Retaliation in Violation of Title VII)

32. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

33. Plaintiff followed the proper procedures as an employee of Defendant in exercising her federally protected right to complain of the disparate treatment she was subjected to as an employee in Defendant's employ

34. Plaintiff reported the discrimination she was subjected to as an employee of Defendant.

35. As a direct result of Plaintiff's complaint, Defendant altered the terms, conditions and/or privileges of her employment by, among other retaliatory acts, terminating her employment.

36. As a direct result of Plaintiff's complaint, Defendant retaliated against Plaintiff for exercising her federally protected right to report the disparate treatment she was subjected to in the workplace.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and punitive damages as provided for by applicable law; (4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and (5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: */s/ Jessica N. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
cvaught@a-vlaw.com
jvaught@a-vlaw.com
***Attorneys for Plaintiff***